UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston



United States of America
    Plaintiff,
v

Case No. 2:11:cv-0101
Judge John Copenhaver

$27,671.50, more or less,
in United States Currency,
(actually a financial instrument)

(Katherine A. Hoover MD, and
John F. Tomasic interested parties,
No criminal charges pending.)

## MOTION TO REMOVE AUSA BETTY PULLIN AS THE ATTORNEY BECAUSE SHE IS A WITNESS

NOW COME JOHN F. TOMASIC AND KATHERINE A. HOOVER MD, pro se, and request that this Court remove AUSA Pullin as the attorney in this case because she will be required to give evidence as to when she knew that facts regarding the origin of the $27,671.50 and discipline both AUSA Pullin and FBI agent James Lafferty.

## HISTORY OF THE CASE

The medical practice at 35 West Third Ave. Williamson, WV has been investigated since 2005. The FBI and the United States Attorney's office was aware that Michael Tomasic was arrested and tortured at North Central Regional Jail in Doddridge County West Virginia and died on October 7, 2005. The FBI allegedly investigated that murder. Dr. Hoover discussed the murder of her son with James Lafferty on March 2, 2010. Mr. Lafferty stated that he was aware of the case, but this was not the time to discuss it because he was busy with the current (ie. Williamson) investigation. Mr. Lafferty was aware of the settlement and payment in relationship to that case. Mr. Lafferty knew that the statements that he swore to in the affidavit attached to this in rem action were false. "Inasmuch as Hoover's primary if not sole source of income received by Hoover or her husband were deposited into one or more other bank accounts belonging to them, it is alleged that the proceeds which were on deposit in the WesBanco Passbook

Savings Account No.xxxx3002 constitute moneys furnished or intended to be furnished in exchange for a controlled substance,..." All of the bank records were seized from Mr. Tomasic's and Dr. Hoover's property on March 2, 2010 and in the possession of either the FBI or the United States Attorney for the SDWV until March 7, 2011, not just the passbook. The two passbooks that were returned on March 7, 2011 went back to 1994 (not as presented by AUSA Pullin 2008 and 2009). The in rem proceeding 10-cv-1087 demonstrated two other sources of income. At the time of the filing of the current in rem proceeding and on March 2, 2010 Ms. Pullin and Mr. Lafferty had all of the exonerating evidence in hand and could conclude that there was no money in WesBanco account xxxx3002 that originated from Williamson.

## COUNT I

The investigation done by the FBI and the DEA was without subject matter jurisdiction and this in rem action and 10-cv-1087 lack any legal justification. The "investigation", as demonstrated by this current in rem action, was based upon incorrect "assumptions" as stated by AUSA Pullin and sworn to by Mr. Lafferty.

## COUNT II

Mr. Lafferty committed perjury when he signed the Affidavit on February 11, 2011 because he knew that Mr. Tomasic and Dr. Hoover had other income in addition to Dr. Hoover's payments from Dr. Ryckman for her work as an independent contractor in Williamson, WV. Mr. Lafferty is not able to judge whether or not the prescriptions that were given by Dr. Hoover were for legitimate medical purposes because he does not have any type of medical degree.

## COUNT III

AUSA Betty Pullin knew that Mr. Tomasic and Dr. Hoover had income in addition to the payment received by Dr. Hoover for the practice of medicine in Williamson, WV. Ms. Pullin presented the bank records from WesBanc xxxx7905 to this court in the course of 10-cv-1087. Ms. Pullin had all of the records from every bank account of Mr. Tomasic and Dr. Hoover for over one year. Ms. Pullin had access to all the exculpatory evidence that she presented in her Motion to Dismiss when she filed this in rem action.

## COUNT IV

AUSA Betty Pullin can no longer represent the United States of America because she is now a witness in this case. To cite the words of Judge Haden in the United States of America v. Calvin Dyess, et al Criminal No. 2:99-00012-01, 02, 10: "The Court...now **GRANTS Defendants' motion to disqualify the office of the United States Attorney for the Southern District of West Virginia."** Judge

Haden goes on to cite the rules governing the conduct of attorneys: "Rule 3.7 of the Code of Professional Conduct of the American Bar Association (ABA) provides : A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness..." AUSA Pullin must swear under oath when her client, the United States of America, obtained information about the source of funds in Wes Banco account no. xxxx 3002 belonging to Mr. Tomasic and Dr. Hoover. Judge Haden continued: "The 4th Circuit ruled in International Woodworkers of Am. v Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1272 (1980) (citing Ethical Consideration (EC) 5-9. Where the question arises, doubts should be resolved in favor of the lawyer testifying and against he becoming or continuing as an advocate" Id. (quoting EC 5-10)." Essentially, the entire opinion written by Judge Haden applies to the instant case and can easily be referred to by this Court. Judge Haden continued "To avoid Brady violations, the Government has a duty to learn of unfavorable evidence known to others acting on its behalf..." The income from gifts was well known to AUSA Pullin and FBI agent James Lafferty. AUSA Pullin proved this by releasing the deposits to WesBanco xxxx7905 which demonstrated the money received by Mr. Tomasic from the estate of his mother and our lawsuit against the Jail Authority. It is clear that AUSA Pullin had access to all exculpatory evidence and refused to reveal it to the Court or to Mr. Tomasic and Dr. Hoover. Mr. Tomasic and Dr. Hoover had to file a request to WesBanco to obtain the records because they did not have their own records. The dates and amounts of the deposits to WesBanco xxxx3002 were available to AUSA Pullin long before she filed the current in rem action. This in rem action was filed to harass Mr. Tomasic and Dr. Hoover and an attempt to gain jurisdiction over Dr. Hoover where no jurisdiction exists.

WHEREFORE Mr. John F. Tomasic and Dr. Katherine Hoover request that the Court remove AUSA Pullin be as the attorney for the United States of America; discipline Mr. James Lafferty and AUSA Pullin for lying to the Court; award costs and damages in addition to returning the $27,671.50 as all ready requested by AUSA Pullin.

Respectfully submitted,

*John F. Tomasic*
John F. Tomasic

*Katherine A. Hoover MD*
Katherine A. Hoover MD

## CERTIFICATE OF SERVICE

I, Katherine A. Hoover MD, do hereby certify that a true and correct copy of MOTION TO REMOVE AUSA BETTY PULLIN AS THE ATTORNEY BECAUSE SHE IS A WITNESS has been sent by Fed-ex to USDA Office for the Southern District of West Virginia, Virginia St. East, Suite 4000 Charleston, WV 25301 on April 18, 2011.

*Katherine A. Hoover MD*

Katherine A. Hoover MD
c/o Dr. Norman Gay
N-3222
West Bay Medical Clinic
West Bay St.
Nassau, N.P., Bahamas
242-525-4018

875470548072

**FedEx International Air Waybill**
Express

1.
Date: 04/18/11
Sender's Name: Katherine Thouvenin  242-525-4018
Company: C/o Dr. Nacruen Gay
Address: West Bay Med. Clinic
West Bay St.
City: Nassau   State: N.P.
Country: Bahamas

2.
Recipient: Clerk   304-342-3002
Company: USDC SDWV
Address: 300 Virginia St. E.
Suite 2400
City: Charleston   State: WV
Country: US   Postal: 25301

PACKAGE LABEL
COMMERCIAL INVOICE LABEL
DELIVERY RECORD LABEL
DELIVERY REATTEMPT LABEL

875470548072

Doe

csr.fedex.com

653905 MIAX 04/18 50AG3/26A8/1BC2

A2 PRIORITY
25301 WV-US
HTS