UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                             CIVIL ACTION NO. 2:11-cv-0101

**$27,671.50, MORE OR LESS,
IN UNITED STATES CURRENCY,**

        Defendant.

(Katherine Anne Hoover, and
John F. Tomasic;
No pending federal criminal charges)

## UNITED STATES RESPONSE TO
## CLAIMANTS' MOTION FOR SUMMARY JUDGMENT

    Comes now the United States of America, by counsel, Betty A. Pullin, Assistant United States Attorney for the Southern District of West Virginia, and responds to claimants' motion for summary judgment as follows:

    1.  On April 8, 2011, and as soon as it had received records establishing the source of the money seized from the Wesbanco Savings Account, the United States voluntarily filed a motion to dismiss this forfeiture proceeding and further moved the court for an order directing the United States Marshals Service to return the seized currency to Ms. Hoover and Mr. Tomasic (Doc. 19), which motion is pending before the court;

2. Also on April 8, 2011, the United States filed a motion for Entry of a Certificate of Reasonable Cause (Doc. 20), which motion is also pending before the court;

3. Claimants have now moved the Court to "...order the return of the $27,671.50 plus $10,000.00 in interest and costs ..." (Doc. 24);

4. Fees under the Equal Access to Justice Act (EAJA) are available only when there is no other applicable law; hence, EAJA fees are not available in civil forfeiture cases since fees to be awarded in those types of cases are governed by 28 U.S.C. § 2465. See, United States v. Khan, 497 F.3d 204, 211 (2d Cir. 2007).

5. For the United States to be liable for fees, costs and interest under 28 U.S.C. § 2465(b)(1), the claimant must "substantially prevail." Generally, when Congress uses the term "prevailing party" in a statute awarding attorney's fees, it refers only to those parties who prevail by securing a judgment on the merits or a court-ordered consent decree. Buckhannon Board and Care Home, Inc. V. W. Va. Dept. Of Health and Human Resources, 532 U.S. 598, 605-10 (2001). See also, United States v. Minh Huynh, 334 Fed. Appx. 636, 639 (5th Cir.), cert. denied, __ U.S. __, 130 S. Ct. 473 (2009) (claimant is not a "prevailing party" if the government voluntarily moves to dismiss its civil forfeiture case without prejudice because there is nothing to prevent the government from seizing the property again, applying Buckhannon);

United States v. $13,275.21 in U.S. Currency, 2007 WL 316455 (W.D. Tex. 2007) (claimant substantially prevails only if he obtains a dismissal with prejudice, summary judgment or a judgment on the merits after trial; there is no right to attorney fees under Section 2465(b)(1) if the government voluntarily dismisses its complaint without prejudice); and United States v. 2007 BMW Convertible, 648 F. Supp. 2d 944, 949-50 (N.D. Ohio 2009) (if the government dismisses its case without prejudice, claimant has not "substantially prevailed," following Huynh and $13,275.21).

In this case, the United States voluntarily filed its motion to dismiss shortly after receiving records in early April 2011 establishing the apparent legitimate source of the funds seized from the Wesbanco Passbook Savings account (Doc. 19). Based on the foregoing, claimants have not "substantially prevailed" and, therefore, are not entitled to fees, costs and interest under 28 U.S.C. § 2465(b)(1).

6. Should the Court determine that claimants have substantially prevailed, the liability of the United States is limited to following:

(A) reasonable attorney fees and other litigation costs reasonably incurred by the claimants;

(B) post-judgment interest, as set forth in 28 U.S.C. § 1961; and

(C) in cases involving currency, (i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and (ii) an imputed amount of interest that such currency ... would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid ... commencing 15 days after the property was seized by a Federal law enforcement agency, or was turned over to a Federal law enforcement agency by a State or local law enforcement agency.

28 U.S.C. § 2465(b)(1).

In this case, the claimants are not entitled to attorney fees or costs since they have represented themselves, pro se, throughout these proceedings, and they have failed to itemize any reasonable litigation costs they may have incurred.

With regard to interest, the undersigned has been informed by the United States Marshals Service that its Seized Assets Deposit Fund, into which the defendant currency was deposited by the United States Marshals Service on April 13, 2010, is a non-interest bearing account. Accordingly, to the extent any interest is awarded to the claimants, it should be at the rate described in 28 U.S.C. § 2465(b)(1)(C)(ii).

7. With regard to "the timing of AUSA Pullin's knowledge about [the Wesbanco account]," there is a sufficient record in this

case for the Court to make a determination as to when the undersigned acquired knowledge about the March 2004 deposit into the Wesbanco account. The United States incorporates herein its "Reply to Claimants' Response to United States Motion for a Hearing" and exhibits (Doc. 18), and restates that the only evidence seized during the execution of the search warrant in Case No. 1:10-mj-00009 in the Northern District of West Virginia that related to the Wesbanco Passbook Savings Account was the passbook itself and certain deposit slips included therein. Copies of the Savings Passbook are attached as exhibits to Claimants' Response (Doc. 17) and to the United States Reply (Doc. 18) (the United States copy also includes copies of deposit slips that were with the Savings Passbook).

It is abundantly clear from an inspection of the Savings Passbook that there were no entries recorded after December 24, 2001. From a further inspection of the Savings Passbook, it is also abundantly clear that claimants did not make it a practice to designate the source of any deposits. Accordingly, the Savings Passbook, which claimants rely on to establish that the undersigned had knowledge of the March 2004 deposit at the time of filing this forfeiture action, fails to support their allegation that the undersigned had knowledge, at the time of filing this forfeiture proceeding on February 11, 2011, that the source of the currency

seized from the Wesbanco account was from an apparent legitimate source.

Additionally, the exhibit accompanying Claimants' motion for summary judgment (Doc. 24) likewise fails to support their claim that the undersigned had knowledge of the March 2004 deposit. This exhibit is simply a listing of the categories of documents seized during the search warrant. Claimants reliance upon "2004 financial records" in this exhibit is misleading. Again, the only record seized under the search warrant that related to the Wesbanco Savings Account was the Savings Passbook itself and included deposit slips, and none of those documents establish that the undersigned had knowledge of the March 2004 deposit at the time of filing this forfeiture action.

Since it is abundantly clear from the Wesbanco Savings Account Passbook and accompanying deposit slips, attached as exhibits to Claimants' "Response to United States Motion for a Hearing" (Doc. 17) and to the United States reply thereto (Doc. 18), that the undersigned had no knowledge at the time of filing this forfeiture action that the balance of the account consisted primarily of a deposit made in March 2004 that appears to have been a gift, and further based on the undersigned's reliance on the probable cause finding by the magistrate judge when issuing the seizure warrant that the account likely contained proceeds traceable to Hoover's earnings at the clinic, and further based on the undersigned's

6

reliance on 18 U.S.C. § 983(c)(2) which permits the government to use evidence gathered after the filing of a complaint to establish its burden of proof, the undersigned respectfully requests the Court: (A) to deny claimants' motion for summary judgment, (B) to make a finding that the undersigned had reasonable cause to file the forfeiture action against the defendant currency, (C) to enter a Certificate of Reasonable Cause in favor of the United States in this case and (D) to deny claimants fees, costs and interest since they did not substantially prevail.[1]

                    Respectfully submitted,
                    R. BOOTH GOODWIN II
                    United States Attorney

By:   s/Betty A. Pullin
                    Betty A. Pullin, WV Bar Number: 5590
                    United States Attorney's Office
                    300 Virginia Street, East, Room 4000
                    Charleston, West Virginia 25301
                    Telephone: (304) 345-2200
                    Fax: (304) 347-5440
                    Email: betty.pullin@usdoj.gov

---

[1] The Debt Collection Improvement Act of 1996 (DCIA), as codified in 31 U.S.C. § 3716, requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent non-tax debts owed to the United States. The DCIA also authorizes offsets to collect delinquent debts owed to states, including past-due child support enforced by the states. Monies to be returned to claimants in Federal administrative and judicial forfeiture proceedings are subject to the Treasury Offset Program (hereinafer "TOP"), which is designed to offset payments related to the DCIA. Accordingly, upon the entry of any order dismissing this forfeiture proceeding, the claimants' social security numbers will be processed through the TOP. Any indebtedness that either of the claimants may have, which is of record in the TOP, will result in an offset against any monies to be returned to them pursuant to the dismissal of this forfeiture action.

7

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                        CIVIL ACTION NO. 2:11-cv-0101

**$27,671.50, MORE OR LESS,
IN UNITED STATES CURRENCY,**

        Defendant.

(Katherine Anne Hoover, and
John F. Tomasic;
No pending federal criminal charges)

### CERTIFICATE OF SERVICE

I hereby certify that the "UNITED STATES RESPONSE TO CLAIMANTS' MOTION FOR SUMMARY JUDGMENT" was electronically filed with the Court and served on the following, this 6th day of June, 2011:

    Katherine Anne Hoover, M.D. and
    John F. Tomasic
    c/o Norman Gay, M.D.
    247 West Bay Street
    Nassau, N.P. Bahamas
    (via Federal Express International)

By:   s/Betty A. Pullin
       Betty A. Pullin, WV Bar Number: 5590
       United States Attorney's Office
       300 Virginia Street, East, Room 4000
       Charleston, West Virginia 25301
       Telephone: (304) 345-2200
       Fax: (304) 347-5440
       Email: betty.pullin@usdoj.gov